1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10   ENRIQUE A. HUAPAYA,                    Case No. 14-cv-05305-HSG (PR)

11              Petitioner,                 **ORDER GRANTING RESPONDENT'S**
                                            **MOTION TO DISMISS; DENYING**
12         v.                               **CERTIFICATE OF APPEALABILITY**

13   JOEL MARTINEZ, Warden,                 Re: Dkt. No. 14

14              Respondent.

15

16         Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28

17   U.S.C. § 2254.  Respondent has moved to dismiss the petition as untimely.[1]  Petitioner has filed an

18   opposition, and respondent has filed a reply.

19                                    **BACKGROUND**

20         In 2012, in Alameda County Superior Court, petitioner pleaded guilty to residential

21   robbery and admitted using a firearm in the commission of the crime.  Dkt. No. 1 at 1-2, 38.  On

22   December 17, 2012, the trial court sentenced petitioner to thirteen years in state prison.  *Id.* at 1.

23   Petitioner did not appeal.  *Id.* at 2-3.  Petitioner filed habeas petitions in the state superior,

24   appellate and supreme courts, all of which were denied.  *Id.* at 3-4.

25

26   _____

27   [1] Petitioner initially named Kamala D. Harris, the Attorney General of the State of California, as
     the respondent in this action.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and
     Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, Joel Martinez, the
28   warden of Sierra Conservation Center, where petitioner is incarcerated, is hereby SUBSTITUTED
     as respondent in place of the previously named respondent.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

Petitioner then filed this action, seeking a writ of habeas corpus.  The petition has a signature date of November 23, 2014 and was stamped "filed" at the Court on December 3, 2014. As a *pro se* prisoner, petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque,* 319 F.3d 1199, 1201 (9th Cir. 2003).  The Court will assume he gave the petition to prison officials for mailing on the date he signed it, i.e., November 23, 2014, and deem the federal petition filed as of that date.

Petitioner raises four claims for relief: (1) he is actually innocent of the firearm enhancement, warranting the withdrawal of the guilty plea; (2) the state superior court's denial of his habeas petition was an abuse of discretion; (3) counsel rendered ineffective assistance by coercing petitioner to accept a guilty plea; and (4) his plea bargain and resulting sentence are illegal.

## DISCUSSION

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

Petitioner argues that the commencement of the statute of limitations should be governed by § 2244(d)(1)(D), meaning the statute of limitations should start on the date upon which the

2

United States District Court
Northern District of California

factual predicate of petitioner's claims could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Specifically, petitioner represents that the gun he used during the robbery was a BB gun and not an actual firearm. Petitioner contends that even though he used a BB gun instead of a "real" gun when he robbed the victim, he nevertheless admitted a firearm enhancement because his attorney informed him that his two codefendants had told their counsel that the gun was real and that they were unaware that petitioner was going to commit a robbery in their presence. *See* Dkt. No. 1 at 6, 23. Petitioner claims that he accepted a guilty plea because he believed, based on this information from his attorney, that his codefendants would give unfavorable testimony if he went to trial. *See* Dkt. No. 1 at 6. Petitioner contends that in February 2014, one of his codefendants, Dion Donaldson, had a "chance run-in" with one of petitioner's family members and related that he would be willing to come forward and give a statement that he knew for a fact that the gun petitioner used during the robbery was a BB gun and that, following the robbery, he had told the police that the gun was a BB gun. *See* Dkt. No. 1 at 6; Dkt. No. 20 at 2. Petitioner submitted with the instant petition a declaration from Mr. Donaldson signed March 10, 2014 and stating in relevant part:

> I further declare, that on, 3/14/12, when the crimes in that are mentioned herein occurred I was fully aware that [petitioner], one of my co-defendants in this matter, was not in possession of a real firearm, that the weapon he used was in fact a BB-gun.
>
> That when I spoke to detective J. Rocha on, 3/14/12, I did also attempt to convey this fact to him as well.

Dkt. No. 1 Ex. 8. Petitioner claims that, because the chance run-in with Mr. Donaldson occurred in February 2014, the factual predicate of his new claims could not have been discovered any earlier through the exercise of due diligence.

"The statute of limitations begins to run under § 2244(d)(1)(D) when the factual predicate of a claim 'could have been discovered through the exercise of due diligence,' not when it actually was discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The one-year limitations period begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000))

United States District Court
Northern District of California

(remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of IAC claim). "'Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances.'" *Ford*, 683 F.3d at 1235 (quoting *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir.2004)). For purposes of § 2244(d)(1)(D), the "factual predicate" of a claim is the petitioner's knowledge of the facts supporting the claim, not evidentiary support for the claim. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Petitioner need only demonstrate when a reasonable investigation would have uncovered the "newly discovered" facts. *See United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (finding, in context of § 2255 petition, that even though petitioner did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings;" because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)).

Here, the factual predicate of petitioner's actual innocence claim with respect to his firearm enhancement is that he was carrying a BB gun instead of a "real" gun in the commission of the robbery underlying his conviction. It did not take petitioner until February 2014 to discover this fact. Rather, as petitioner admits, he knew he used a BB gun during the robbery, and related such fact to his attorney. *See* Dkt. No. 1 at 6. Thus, regardless of what petitioner thought his codefendants might say about the gun, he himself was aware from the date of the crime of the facts supporting his claim that he was "actually innocent" of the firearm enhancement. A declaration from petitioner's codefendant corroborating petitioner's story was not necessary to raise this claim.

Even assuming, arguendo, the factual predicate of petitioner's "actual innocence" claim is the substance of his codefendant's statement to the police, petitioner cannot show due diligence with respect to the discovery of what his codefendant told police about the gun. Here, petitioner attached to his 2013 state habeas petition a copy of a 2012 police report detailing his codefendant's statement that petitioner had a BB gun. *See* Dkt. No. 20 at 13-14; *see also* Dkt.

No.1 at 28-32.  Petitioner indicated in his state petition that he had received the report from his attorney.  *See* Dkt. No. 20 at 14.  In a March 16, 2013 letter from counsel to petitioner, counsel indicated that he had previously provided petitioner with discovery in the case.  *See* Dkt. No. 1 at 42.  Assuming, arguendo, counsel did not show petitioner the police report or otherwise discuss it before he pleaded guilty, petitioner's own evidence indicates that he had access to the report containing his codefendant's statement sometime before March 16, 2013, which is almost one year before the codefendant ran into petitioner's relative and relayed what he had told the police.  Moreover, given petitioner's claim that he was carrying a BB gun and his codefendant knew it, he does not explain why he did not reach out sooner to his codefendant for an explanation of why he lied to the police and/or counsel about the gun.  In short, petitioner fails to show he exercised due diligence in discovering the factual predicate of his claim.  Thus, the Court will not apply § 2244 (d)(1)(D).

To determine when the statute of limitations began, therefore, the Court applies § 2244 (d)(1)(A), meaning the statute of limitations commences on the date upon which petitioner's judgment became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  If a petitioner could have sought review by the state court of appeal or the state supreme court, but did not, the limitations period will begin running against him the day after the date on which the time to seek such review expired.  *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).  Here, petitioner's conviction became final on February 15, 2013, sixty days after his sentencing on December 17, 2012.  *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.104(a)(1).  Thus, petitioner had until February 18, 2014[2] to file his federal habeas petition.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner's instant petition, filed on November 23, 2014, is therefore untimely, absent tolling.

Petitioner first raised claims 1 and 2 in his state habeas petition filed in the California Court of Appeal on April 10, 2014, more than a year after the expiration of the statute of

_____

[2] Because February 15, 2014 fell on a Saturday, and the following Monday was a federal holiday, the Court uses February 18, 2014 as the statute of limitations deadline.

United States District Court
Northern District of California

United States District Court
Northern District of California

limitations.  Dkt. No. 14 Ex. 1.  Petitioner will not receive statutory tolling for this state habeas petition or the next petition filed in the California Supreme Court (Dkt. No. 14 Ex. 3), because they were filed after the expiration of the statute of limitations.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

Petitioner first raised claims 3 and 4 in his state habeas petition filed in the Alameda County Superior Court on December 16, 2013.  Dkt. No. 20 Ex. B.  That petition was denied as untimely on February 21, 2014.  *Id.* Ex. A.  "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)."  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (alteration in original) (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).  "Because the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2244(d)(2)."  *Id.* at 417. Thus, the time between petitioner's petition to the Alameda County Superior Court and its subsequent denial did not toll the limitations period, making all claims in the instant petition untimely.

**B.   Actual Innocence**

Petitioner asserts that he meets the actual innocence exception to the statute of limitations. Dkt. No. 20 at 2.  A showing of actual innocence can provide a gateway to federal habeas review of a petition filed after AEDPA's statute of limitations expired.  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013).  The actual innocence standard is set forth in *Schlup v. Delo*, 513 U.S. 298 (1995).  *See McQuiggin*, 133 S. Ct. at 1928.  In *Schlup*, the Supreme Court held that a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence —that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Further, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 327.  Under *Schlup*, a petitioner must establish his factual innocence of the crime, and not mere legal insufficiency.  *Jaramillo v.*

1    *Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003).

2        The Supreme Court has stressed that this exception is limited to "certain exceptional cases

3    involving a compelling claim of actual innocence."  *House v. Bell*, 547 U.S. 518, 522 (2006).

4    Moreover, the Ninth Circuit has noted that, because of  "the rarity of such evidence, in virtually

5    every case, the allegation of actual innocence has been summarily rejected."  *Shumway v. Payne*,

6    223 F.3d 982, 990 (9th Cir. 2000) (*citing Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).

7        In support of his actual innocence claim, petitioner relies again on Mr. Donaldson's

8    declaration representing that petitioner had only a BB gun at the time of the robbery.  *See* Dkt. No.

9    20 at 2.  As discussed above, petitioner was well aware of the nature of the gun at the time he

10   pleaded no contest to the robbery charge, but still chose to admit the accompanying firearm

11   enhancement in order to receive the benefit of a plea bargain, i.e., 13 years vs. 21 years.  *See* Dkt.

12   No. 1 at 23, 25.  Accordingly, to qualify under the "actual innocence" exception, he must show

13   that his actual innocence extends to the robbery charge as well.  *Bousley v. United States*, 523 U.S.

14   614, 624 (1998) ("In cases where the [prosecution] has foregone more serious charges in the

15   course of plea bargaining, petitioner's showing of actual innocence must also extend to those

16   charges.")  However, he has made no effort to do so, nor could he, given his concession that he

17   committed the robbery.  *See* Dkt. No. 1 at 6.

18       Further, simply because one of his two codefendants might have backed up his claim that

19   he used a BB gun rather than a firearm does not establish that "no reasonable juror would have

20   convicted him" of the firearm enhancement based on such testimony, especially given: (1) the

21   victim's opinion, based on her own knowledge of and past experience with guns, *see* Dkt. No. 1 at

22   6-7, that the gun used in the robbery was real, and (2) the statement petitioner's other codefendant

23   gave to police about seeing petitioner "holding a black semi-auto handgun (looked like a 9mm)"

24   during the robbery.  *See* Dkt. 1 at 31; *Schlup*, 513 U.S. at 327.

25       Accordingly, petitioner does not qualify for the "actual innocence" exception set forth in

26   *Schlup*.

27   **C.    Equitable Tolling**

28       Petitioner also argues that he is entitled to equitable tolling.  The Supreme Court has

United States District Court
Northern District of California

7

determined that AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653.

Petitioner bears the burden of showing that "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

Petitioner contends he is entitled to equitable tolling because his state-appointed trial attorney failed to turn over legal documents and discovery to him. Dkt. No. 20 at 3. However, petitioner does not specifically identify any documents that he needed to complete this petition. Further, petitioner has submitted evidence that calls into doubt his claim that counsel did not turn over legal documents and discovery to him. A March 16, 2013 letter from counsel to petitioner indicates that counsel was providing petitioner therein with a reporter's transcript of the change of plea proceeding and that counsel had previously provided petitioner with discovery in the case. *See* Dkt. No. 1 at 42. Additionally, in the same letter, counsel informed petitioner that if he "still want[ed] a duplicate copy of the discovery already provided . . . get me $25 to cover the cost of duplication and I'll get it to you, and refund any balance due." *Id.* Further, petitioner himself indicated in his 2013 state habeas petition that counsel had given him the police report detailing

8

his codefendant's statement about the BB gun, *see* Dkt. No. 20 at 14, and attached the report to his state petition. *See* Dkt. No. 20 at 13-14; *see also* Dkt. No. 1 at 28-32. Petitioner also attached to his 2013 state petition copies of counsel's 2012 pretrial letter to petitioner, *see* Dkt. No. 20 at 12, Dkt. No. 1 at 22-23 and counsel's 2012 presentencing letter to the probation department, *see* Dkt. No. 20 at 13, Dkt. No. 1 at 25. In short, petitioner has failed to show that counsel's alleged failure to turn over legal documents and discovery was the proximate cause of his failure to file a federal petition by February 18, 2014. *See Pliler v. Ford*, 542 U.S. 225, 232 (2004) ("[P]etitioners are not required by 28 U.S.C. § 2254 or the Rules Governing § 2254 Cases to attach to their petitions, or to file separately, state-court records."); *Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (denying equitable tolling where, regardless of when counsel provided petitioner with his complete legal file, petitioner was aware of the factual bases of his claims earlier, thus his alleged inability to access the files could not have been the cause of the untimeliness).

Accordingly, the Court finds the petition is not rendered timely on the basis of equitable tolling.

**D.      Structural Error**

Last, petitioner contends that his ineffectiveness claim (claim 3) is a "structural error" that "survives default or timel[i]ness issues." Dkt. No. 20 at 3, 5. Petitioner cites no legal authority for such a proposition, nor is the Court aware of any. Rather, the underlying merits of a petition are irrelevant to the timeliness determination. *Helton v. Sec'y for the Dept. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001); *Whaley v. Grounds*, No. CV 11-6771 FMO (JC), 2013 WL 1304906, *8 (C.D. Cal. Feb. 28, 2013) ("The merits of a federal petition are not relevant to whether extraordinary circumstances exist to justify a late-filed federal habeas petition.").

In sum, petitioner has failed to show that any of the claims in his federal petition are timely, or that he qualifies under any exception to AEDPA's statute of limitations. Accordingly, the petition will be dismissed as untimely.[3]

**CONCLUSION**

---

[3] Because the Court dismisses the entire petition as untimely, it need not address respondent's alternative argument that claims 3 and 4 of the petition are also procedurally defaulted.

United States District Court
Northern District of California

For the foregoing reasons:

1.  Respondent's motion to dismiss the instant petition as untimely is GRANTED.

2.  Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

3.  The Clerk shall enter judgment and close the file.

Additionally, the Clerk is directed to substitute Warden Joel Martinez on the docket as the respondent in this action.

This order terminates Docket No. 14.

**IT IS SO ORDERED.**

Dated:

HAYWOOD S. GILLIAM, JR.
United States District Judge